**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janet Susan McCormick,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-01780-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for EAJA fees (Doc. 37) and memorandum in support thereof (Doc. 38). The motion is granted and fees are awarded in the amount of $11,476.91.

I.   <u>Legal Standard And The Parties' Positions</u>

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Doc. 31), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine

whether the fee award requested is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[1]

The parties dispute whether the amount of time Plaintiff's counsel billed was reasonable. The reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any Social Security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases involving the same issues might nevertheless require different amounts of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136.

---

[1] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Plaintiff originally requested $10,621.95 in her motion for EAJA attorneys' fees, as her counsel spent 8.3 hours on his case in 2020, 36.3 hours in 2021, and 4.6 hours in 2022. (Doc. 38 at 14; Doc. 38-2 at 2-13.)  Defendant opposes the amount of fees requested and asserts that the Court should "deny 8 hours in fees for Plaintiff's unsuccessful challenge to the Commissioner's motion for remand and at least 5.5 of the 7.5 hours claimed for Plaintiff's unreasonable complaint." (Doc. 45 at 11.)

In reply, Plaintiff argues that "[t]he additional four hours to prepare [the reply brief], at the current hourly rate of $213.74, when added [to] the original EAJA request, equals $11,476.91, which should be the current EAJA award." (Doc. 39 at 11.)

II.     Analysis

    **A.     The Commissioner's Challenge To The Fees For The Reply Brief**

As a preliminary matter, the Court finds it necessary to address the importance of careful drafting.  The Commissioner's briefs in this action—in litigating the appeal itself, and now in litigating fees—contain various misstatements of fact.  Even when recounting the history of the action itself, with which the Court is familiar, accurate recounting is important.

The Commissioner opens her response brief opposing (in part) Plaintiff's request for EAJA fees with the assertion that "[f]ollowing Plaintiff's refusal to stipulate to a remand for further proceedings, the Commissioner moved to remand for further administrative proceedings" and the Court "*granted the Commissioner's motion* and remanded the case to the Commissioner for further administrative proceedings." (Doc. 39 at 1) (emphasis added).  This is inaccurate.  In a standalone order, the Court *denied* the Commissioner's motion, noting that it was "procedurally improper" as well as internally inconsistent.  (Doc. 33.)[2]  This is not the first case in which the Court has faulted the

---

[2] The internal inconsistency again highlights the importance of careful drafting. The Court noted that in the Commissioner's motion for remand, "Defendant acknowledges that the ALJ committed harmful error during the administrative proceeding but argues that the remedy for this error is to remand this case for further proceedings, as opposed to remanding for a computation of benefits. Bizarrely, Defendant then proceeds to argue . . . that 'Defendant respectfully requests that this Court affirm the ALJ's decision finding Plaintiff not disabled, as it is supported by substantial evidence and free of legal error.' At any rate, regardless of whether the 'motion for remand' is seeking a remand or affirmance,

- 3 -

Commissioner for filing a procedurally improper "motion for remand." *See, e.g.*, , *Dickson v. Commissioner of Social Security Administration*, 2:20-cv-00931-DWL, Doc. 16 ("To the extent Defendant intended for its filing at Doc. 14 to function as both a 'motion to remand' and as an answering brief, this was improper. LRCiv 16.1 requires the parties to observe a specified briefing procedure in Social Security appeals. That procedure involves the filing of an opening brief, an answering brief, and a reply brief. Dispositive motions (such as a 'motion to remand') are not allowed. Additionally, Defendant's motion does not stipulate to the same remedy that Plaintiff seeks—Defendant only agrees to a remand for further proceedings, whereas Plaintiff's opening brief requests a remand for a computation of benefits. Allowing Defendant to tuck this disputed request into a motion, rather than an answering brief, would effectively allow Defendant to have the final word (by filing a reply in support of the motion), even though LRCiv 16.1 contemplates that the plaintiff in a Social Security appeal will have the final word."); *Rangel v. Commissioner of Social Security Administration*, 2:19-cv-00875-DWL, Doc. 21 (same); *Clark v. Commissioner of Social Security Administration*, 3:19-cv-08128-DWL, Doc. 27 ("Plaintiff argues that the Commissioner's 'new tactic' of filing motions to remand in lieu of answering briefs 'goes a pleading too far,' in that it circumvents the local rules providing that the Commissioner must file an answering brief 'and unfairly attempts to provide the Commissioner with an extra opportunity to argue the agency's case' by purporting to invite a response to the 'motion,' with an added chance for the Commissioner to file a 'reply' in support of its 'motion.' The Court agrees with Plaintiff that this approach violates LRCiv 16.1(a). Moreover, it violates the Court's scheduling order."); *Clark v. Comm'r of Soc. Sec. Admin.*, 2020 WL 8679850, *2 (D. Ariz. 2020) ("The Commissioner's litigation strategy in this matter is unfortunate. Clark spent significant time and resources drafting an opening brief that, in her view, establishes not only that the ALJ committed multiple errors but that the only appropriate remedy for those errors is a remand for an award of benefits. The Commissioner, in contrast, has not even attempted to explain why all of it is procedurally improper." (Doc. 33 at 1.)

Clark's assignments of error are misplaced.").[3]

The Commissioner then "seeks a reduction of Plaintiff's requested EAJA fees because she is not entitled to fees for work performed in opposing the Commissioner's motion for remand for further administrative proceedings, which this Court ultimately granted." (Doc. 39 at 1.) In fact, Plaintiff never had the opportunity to oppose the Commissioner's motion for remand because it was so plainly procedurally barred that the Court denied it *sua sponte* before the response deadline elapsed. (Doc. 33.)

These misstatements regarding the Court's ruling on the Commissioner's motion to remand are at the crux of the Commissioner's first challenge to Plaintiff's request for EAJA fees. The Commissioner challenges Plaintiff's EAJA motion in part based on the fallacious assertion that the Court granted the Commissioner's motion for remand after Plaintiff opposed it. In essence, not only has the Commissioner persisted in filing a procedurally-barred "motion for remand"—which, at this point, after filing the same motion in other cases and repeatedly having its infirmities noted by the Court, is clearly frivolous—now the Commissioner intends to use that motion as grounds for seeking a reduction in EAJA fees.

To be sure, the Court ultimately remanded for further proceedings, rather than for benefits, which is the outcome the Commissioner wanted. But if the Commissioner wished to file a motion for remand, the time to do that was *before* filing an answer (and therefore before the drafting and filing of the opening brief), pursuant to sentence six of 42 U.S.C. § 405(g).[4] The Commissioner did not do so. Thus, Plaintiff filed an opening brief, which sought a determination that the ALJ erred and argued that the case should be remanded for benefits after application of the credit-as-true rule, or, in the alternative, for further

---

[3] In *Dickson*, *Rangel*, and *Clark*, after the Court denied the Commissioner's procedurally-barred motion for remand and then ultimately resolved those appeals by remanding for further proceedings, the Commissioner stipulated to granting EAJA fees.

[4] Sentence six states as follows: "The court may, on motion of the Commissioner of Social Security made for good cause shown *before the Commissioner files the Commissioner's answer*, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g) (emphasis added).

administrative proceedings. (Doc. 28 at 26.) The Commissioner's filing was merely a *concession* that Plaintiff was entitled to a remand for further administrative proceedings, combined with an opposition to a remand for benefits. The Court construed this opposition as the answering brief, and Plaintiff had the opportunity to reply, as set forth by the scheduling order. (Doc. 15 at 1-2.) The Commissioner attempts to recast the Court's order remanding for further proceedings as a win for the Commissioner, but the victory is Plaintiff's, even though she didn't get everything she requested.[5] The Court rejects the strange assertion that by filing a procedurally-barred motion for remand instead of the required answering brief, the Commissioner somehow made it unreasonable for Plaintiff to file the reply brief permitted by the scheduling order.[6]

The motion to remand did not result in any extra litigation because the Court denied it *sua sponte* before it could result in satellite litigation. *Cf. Villafuerte v. Commissioner of Social Security Administration*, 2:19-cv-02901-MTM, Doc. 31 ("Given the content of the Commissioner's motion, the most efficient way to preserve the Court's resources and to

---

[5] To underscore the point that remanding for further proceedings was Plaintiff's victory, not the Commissioner's, the Court notes that it expressly *rejected* the Commissioner's rationale for granting remand. The Court remanded because the Commissioner "ma[de] no effort" to address the arguments Plaintiff made in her opening brief, not because the Commissioner advanced a cogent reason justifying remand. (Doc. 35 at 8-9.) The Commission's opposition to Plaintiff's motion for EAJA fees reasserts the rejected rationale and mischaracterizes the Court's order, stating that "the Court expressed confusion about which of the regulations the ALJ applied." (Doc. 39 at 5.) The Court did not express confusion about which of the regulations the ALJ applied. The Court noted that the Commissioner's assertion that the ALJ's "self-described application of . . . 20 C.F.R. § 404.1520c constitutes legal error necessitating remand" was "puzzling" because in fact, the ALJ explicitly stated that "the requirements of 20 CFR 404.1527" applied. (Doc. 35 at 8-9.) The "confusion" the Court stated it shared with Plaintiff "with respect to the Commissioner's confession of error" (*id.*) was clearly tongue-in-cheek—the true confusion was the Commissioner's. Although the Commissioner asserts for the first time in a footnote in her brief opposing EAJA fees that "[w]hile the ALJ *stated* that he applied the correct regulations (Administrative Record (AR) 19), he applied the revised regulations in his analysis (AR 24-25)," (Doc. 39 at 5 n.3 [emphasis added]), this is not the argument the Commissioner advanced in the motion for remand. (Doc. 31 at 3 ["The ALJ's *self-described* application of the other regulation, 20 C.F.R. § 404.1520c, constitutes legal error necessitating remand." (emphasis added)].)

[6] The scheduling order states that "[t]he parties must fully comply with LRCiv. 16.1 in its entirety and must strictly comply with" the requirement that Plaintiff "must file an opening brief," Defendant "must file an answering brief," and Plaintiff "may file a reply brief." (Doc. 15 at 1-2.) Plaintiff strictly complied with this order; the Commissioner did not.

- 6 -

avoid lengthy satellite litigation is to construe the Motion to Remand as the Commissioner's answering brief. […] By filing a Motion to Remand instead of an answering brief, the Commissioner took the opportunity to both respond to Plaintiff's opening brief, and then respond again to Plaintiff's Motion to Strike, making the same arguments as to the form of remand in both filings. In short, the Commissioner gave himself two chances to respond when he would ordinarily have received only one."). In essence, the Commissioner argues that once the Commissioner conceded that remand was warranted, Plaintiff needed to *truncate* the litigation by forfeiting her right to file a reply brief and stipulating to less than the relief her opening brief sought.[7]

"[T]he Court rejects the Commissioner's arguments that Plaintiff expended unnecessary resources by seeking an award of benefits, rather than remand." *Wright v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6781308, *1 (D. Ariz. 2020). "Plaintiff raised non-frivolous arguments and was not obligated to stipulate to remand." *Id. See also Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) ("It is of little, if any consequence that Plaintiff preferred summary judgment over remand. Material errors were made during administrative proceedings and Plaintiff maintained that summary judgment was the appropriate remedy for correcting these errors, whereas Defendant believed that remand was proper. Plaintiff's reasons for seeking summary judgment and opposing remand were legally sound and not at all frivolous.").

The Commissioner offers no argument in favor of reducing Plaintiff's fee award for time spent on her reply brief aside from quoting the Court's order remanding for further proceedings instead of benefits. "The fact that the Court ultimately did not adopt [Plaintiff's] reasoning is not a basis for denying EAJA fees." *Penrod*, 54 F. Supp. 2d at 963. *See also Alvey v. Comm'r of Soc. Sec. Admin.*, 2022 WL 375848, *6 (D. Ariz. 2022)

---

[7] "Filing a reply brief advocating that the Court grant outright summary judgment for Plaintiff, rather than stipulating to remand, did not unduly or unreasonably protract this proceeding." *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999). Indeed, were it not for "Defendant's failure to properly review the ALJ's decision for errors or to move for remand earlier," this appeal, and its concomitant EAJA fees, might have been avoided entirely. *Id.* at 963 n.2.

("[J]ust because the Court rejects an argument does not mean the argument was unreasonable and that fees should be reduced. Instead of explaining to the Court how Plaintiff's arguments unreasonably opposed a remand for further proceedings, Defendant offers no other support for its contention.") (citation omitted); *Caggiano v. Comm'r of Soc. Sec. Admin.*, 2021 WL 2779499, *3 (D. Ariz. 2021) ("Plaintiff's opposition to remand was reasonable because it was based on a genuine belief that an award of benefits could be obtained. In Plaintiff's view, clear material errors in the ALJ decision warranted a finding of disability. . . . That the Commissioner, and ultimately this Court, disagreed does not mean Plaintiff's position was unreasonable."); *Hooker v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4024643, *4 (D. Ariz. 2017) ("Here, Plaintiff argued for either remand or summary judgment . . . . Plaintiff was victorious when the Ninth Circuit ordered the case remanded. It is irrelevant in the case of attorneys' fees whether Plaintiff preferred summary judgment over remand, because a remand constitutes substantial relief. As such, the Court finds that Plaintiff won substantial relief when her claim was remanded and her attorneys' fees should not be reduced on grounds of limited success.").

The Court will not reduce Plaintiff's EAJA fee award by 8 hours on the grounds that it was unreasonable for Plaintiff to file a reply brief.

**B.     Reasonableness Of The Time Spent Drafting The Complaint**

The Commissioner challenges as unreasonable an additional 7.5 hours for the following time entries:

- 09/2/20 Reviewed ALJ decision, Appeals Council memo for administrative appeal, AC denial notice, OHO [Office of Hearings Operations] exhibits file. [Note: hearings exhibits file = 949-pp.] Drafted memo with analysis of federal court judicial review, summary of claimant background and ALJ decision, summary of medical evidence. Emailed to MRC/JM [Mark Ross Caldwell / James Mitchell] for review.
  Attorney Robin M. Larkin. 3.0 hours

- 9/12/20 Reviewed email from atty. Robin Larkin, memorandum, summary of facts, ALJ decision, Appeals Council memorandum in support of request for review of ALJ decision, Atty. Michael Slugocki [attorney from Slepian Smith firm representing claimant at hearing] memorandum.
  MRC. 2.0. hours

- 9/13/20 Reviewed draft complaint, selected hearing exhibits for potential brief notebook. Legal research re evidence evaluation, claimant symptom

- 8 -

      testimony; edits of complaint draft, emailed revised complaint to office. MRC. 2.0 hours

- 9/13/20 Email from Mr. Mitchell re edits, reviewed final draft. MRC. 0.5 hours

(Doc. 39 at 5-6.)

The Commissioner argues that "[t]here is no reasonable justification for spending 7.5 hours drafting an 11-page complaint, especially given that Mr. Caldwell routinely opposes remand, even at the complaint stage," and that the existence of "simple resources for pro se complainants to file a complaint seeking judicial review" demonstrates "that there is no need for a complainant to file a 6-page [sic] legal brief in lieu of a simple complaint." (*Id.* at 6.) The Commissioner also argues that Plaintiff's counsel "did not gain any downstream efficiencies by spending 7.5 hours at the complaint stage" because (1) two collaborating attorneys both needed to familiarize themselves with the case and (2) in June 2021, Plaintiff's counsel spent 10.5 additional hours drafting the opening brief. (*Id.* at 8.)

First, the Commissioner's assertion that Plaintiff's counsel "routinely opposes remand, even at the complaint stage" is unsupported. As Plaintiff notes in her reply, the Court has approved many stipulations for remand in cases where the plaintiffs were represented by the same attorney representing Plaintiff here. (Doc. 45 at 7-8 [listing cases].)

Second, the Commissioner mischaracterizes the challenged time entries. The 7.5 hours logged in these entries include not just the time spent drafting and editing the complaint but also the time spent reviewing the lengthy file, which is a necessary precursor to drafting the complaint.

Third, the Commissioner's arguments for reducing the fee award for the time spent drafting the complaint are, often verbatim, the same arguments the Court has repeatedly rejected. On July 22, 2021, in *Latahotchee v. Comm'r of Soc. Sec. Admin.*, 2021 WL 3089117 (D. Ariz. 2021), the Court issued an order in which the analysis began:

> On March 31, 2021, in another Social Security appeal, the Court issued an order granting the full amount of EAJA fees sought, rejecting every argument the Commissioner made. *Murrieta v. Comm'r of Soc. Sec. Admin.*, 2021 WL 1208980 (D. Ariz. 2021). The Commissioner's response in this case—filed

on May 4, 2021—repeats these same failed arguments, often verbatim, in a brief that is nearly identical to the response brief the Commissioner filed in *Murrieta*. This approach is surprising and unhelpful. So here we go again.

*Id.* at *2.

And still it continues.

The Court has already rejected, numerous times, "the argument that a Social Security plaintiff's counsel should not devote time to reviewing the record below and drafting the complaint because a 'simple' complaint, such as one a *pro se* litigant might draft using a standard form, is sufficient." *Id. See also Murrieta*, 2021 WL 1208980 at *3 ("Proceeding *pro se* is possible but far from ideal. The purpose of hiring competent counsel is the benefit a plaintiff receives in the quality of representation. Defendant claims '[t]here is no reasonable justification' for drafting a detailed complaint and that Plaintiff's counsel 'did not gain any downstream efficiencies' by doing so, but these arguments fall flat. First, a portion of [counsel's time] was spent reviewing the ALJ decision and portions of the [lengthy] file, and the Court considers it a given that a competent lawyer would review the case before drafting and filing a complaint. . . . [F]ailure to do so is sanctionable. Second, Defendant is simply not in a position to know whether the time Plaintiff's counsel spent up front resulted in "downstream efficiencies" or otherwise more effective representation. . . . [P]reparation at the inception of a case is an earmark of capable representation."); *Garcia v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4673335, *2 (D. Ariz. 2019) ("[T]ime spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared. Indeed, it is possible, as counsel explains, that a well prepared complaint can persuade the Commissioner that this case should be remanded before the case is fully briefed, which would save all parties time and money."); *Garcia v. Comm'r of Soc. Sec. Admin.*, 2021 WL 347784, *1 (D. Ariz. 2021) (same, noting "the Court has already addressed the Commissioner's criticism"); *Zamora v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5416691, *1 (D. Ariz. 2021) (same); *Maske v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6562343, at *6 (D. Ariz. 2020) ("Although it's true that this Court's review generally focuses on the briefs, the Court accepts Plaintiff's argument that 'a persuasive complaint

- 10 -

might avoid further litigation by convincing the agency that its position is unjustified and the case merits remand for administrative action to correct the agency's errors.' Such a scenario is contemplated by [42 U.S.C. § 405(g)].").

The Court has also rejected—again, numerous times—the Commissioner's argument that collaboration between multiple lawyers amounts to impermissible duplication of effort. *Garcia*, 2021 WL 347784 at *1 ("[T]he Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process."); *Andreason v. Comm'r of Soc. Sec. Admin.*, 2020 WL 5544367, *2 (D. Ariz. 2020) (same); *Maske*, 2020 WL 6562343 at *6 ("The Court agrees with Plaintiff's assertion that 'if this were a case brought by some big-shot downtown law firm, no one would blink an eye about more than one attorney working on a case,' and the Court declines to 'blink an eye' here."); *Caggiano*, 2021 WL 2779499 at *5 (no reduction of fee award due to four attorneys collaborating on the case because "the duplicative work here was necessary to the litigation, and each duplicate billing entry includes time billed for substantive work"). *See also Costa*, 690 F.3d 1132, 1136 ("[T]he vicissitudes of the litigation process will require lawyers to duplicate tasks. Findings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much.") (citation omitted); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114-15 (9th Cir. 2008) ("[T]he district court may not set the fee based on speculation as to how other firms would have staffed the case. The cost effectiveness of various law firm models is an open question. . . . Modeling law firm economics drifts far afield of the *Hensley* calculus and the statutory goal of sufficiently compensating counsel in order to attract qualified attorneys to do civil rights work.").

The Commissioner's approach of recycling already-rejected arguments in cut-and-paste fashion without careful attention to the case at hand is, at this point, no longer surprising, but it remains unhelpful and disappointing. Moreover, it creates delay, unnecessarily burdens Social Security plaintiffs and this Court, and generates extra expense

for the government, as prevailing plaintiffs are entitled to the fees incurred by litigating fees. *Jean*, 496 U.S. at 163 n.10. The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation," *Hensley,* 461 U.S. at 437, and that "ideally, litigants will settle the amount of a fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The Ninth Circuit has emphasized that "'satellite litigation' over attorneys' fees should not be encouraged." *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). *See also Sosebee v. Astrue*, 494 F.3d 583, 588-89 (7th Cir. 2007) ("The EAJA is meant to open the doors of the courthouse to parties, not to keep parties locked in the courthouse disputing fees well after the resolution of the underlying case."). The Commissioner is admonished, once again, not "to submit another brief filled with verbatim versions of arguments the Court has repeatedly rejected." *Latahotchee*, 2021 WL 3089117 at *4.

### C. Conclusion

The Commissioner has not raised any meritorious challenges to Plaintiff's request for fees. The Court finds the request to be reasonable. The fee request is granted in full, including fees for the time spent litigating fees. *Jean*, 496 U.S. at 163 n.10.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for EAJA fees (Doc. 37) is **granted** and Plaintiff is awarded $11,476.91 in attorneys' fees.

**IT IS FURTHER ORDERED** that, pursuant to the parties' stipulation, if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 4th day of August, 2022.

Dominic W. Lanza
United States District Judge